UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-134-FDW

| THEODORE C. TURNER, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) ORDER |
| FNU ANDERSON, NC DEPARTMENT OF PUBLIC SAFETY, | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on an initial review of Plaintiff's pro se complaint that was filed pursuant to 42 U.S.C. § 1983. (Doc. No. 1).

## I. BACKGROUND

Plaintiff is a prisoner of the State of North Carolina. In his pro se complaint, Plaintiff alleges that while housed at Lanesboro Correctional Institution on March 2, 2014, his cell door opened and he was then attacked by a fellow inmate and had to be admitted to the hospital and provided with stitches. Plaintiff appears to contend that Officer Anderson was responsible for opening his cell door and other unnamed officers refused to intervene in the melee in a timely manner.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(A)(a), "The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Following this initial review the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). In

1

conducting this review, the Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under Federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

### III. DISCUSSION

Plaintiff is a prisoner of the State of North Carolina and as such his pro se § 1983 complaint must satisfy to the mandatory requirements of the Prisoner Litigation Reform Act ("PLRA") which provides that a prisoner must exhaust his administrative remedies prior to the commencement of a civil action under § 1983. The PLRA provides, in pertinent part that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

In Porter v. Nussle, 534 U.S. 516 (2002), the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life and the Court noted that "exhaustion in cases covered by § 1997e(a) is now mandatory." Id. at 524 (citing Booth v. Churner, 532 U.S. 731, 739 (2001)). The Porter Court went on to stress that the exhaustion requirement must be met before commencement of the suit. Id. Whether an inmate has properly exhausted his administrative remedies is a matter to be determined by referencing the law of the state where the prisoner is housed and where the allegations supporting the complaint arose. See Jones v. Bock, 549 U.S. 199, 218 (2007) ("The level of detail necessary in a grievance to comply

2

with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.").

The Fourth Circuit has determined that the PLRA does not require that an inmate allege or demonstrate that he has exhausted his administrative remedies. <u>Anderson v. XYZ Corr. Health Servs.</u>, 407 F.3d 674 (4th Cir. 2005). Indeed, failure to exhaust administrative remedies is an affirmative defense, but the Court is not prohibited from sua sponte examining the issue of exhaustion in reviewing the complaint. As the Fourth Circuit observed:

> [A]n inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant. That exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint, nor does it preclude the district court from inquiring on its own motion into whether the inmate exhausted all administrative remedies.

<u>Anderson</u>, 407 F.3d at 683.

In North Carolina, State prisoners must complete a three-step administrative remedy procedure in order to exhaust their administrative remedies. <u>See</u> N.C. Gen. Stat. §§ 148-118.1 to 148-118.9 (Article 11A: Corrections Administrative Remedy Procedure); <u>Moore v. Bennette</u>, 517 F.3d 717, 721 (4th Cir. 2008). In Plaintiff's complaint, he contends that he exhausted his administrative remedies on November 2, 2013, and again on March 2, 2014, which is the very day that he alleges that he was assaulted. After Plaintiff filed his complaint, he mailed a document which indicates that he completed Step-Three of the Administrative Remedy Procedure in 2013. However, the allegations in this grievance are not specifically related to the allegations regarding the alleged attack of March 2, 2014. On December 12, 2013, the grievance examiner denied Plaintiff's grievance regarding his request for transfer at Step Three which Plaintiff filed on November 2, 2013. In dismissing the grievance, the examiner found that the "current assignment provides as much protection for [Plaintiff] as the state can provide. There is no reason to transfer

3

you at this time." (Doc. No. 6 at 4). The Court finds that Plaintiff's contention that his civil rights have been violated because he was denied a transfer is without merit as to the November 2nd grievance. Indeed, inquiry of a federal district court into the management of a prison – in this case, whether the prison erred in denying Plaintiff's request for a transfer – is limited to whether a particular decision violates the U.S. Constitution or other federal law, and it is certainly well settled that prison administrators must be permitted wide discretion in the management of their prisons. <u>Lewis v. Casey</u>, 518 U.S. 343, 363 n.8 (1996) (citing <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 492 (1973)). Petitioner's November grievance, without more, fails to state claim upon which relief may be granted.

Finally, Plaintiff attaches evidence that he completed two steps of the Administrative Remedy Procedure after he was allegedly attacked in his cell on March 2, 2014. However, Plaintiff notes that he is waiting for the Step-Three response to his grievance. (Doc. No. 5). This document was filed on April 8, 2014 which is almost two weeks after he mailed his pro se complaint. In addition, Plaintiff filed a hand-written document on or about April 16, 2014, that details his November 2nd grievance and appears to show that he completed Step-Two regarding the alleged March 2nd assault and appealed that adverse ruling to Step-Three but he still fails to include any information regarding his completion or outcome of the Step-Three appeal. <u>See</u> (<u>Id.</u>, Doc. 7).

Based on the foregoing, the Court finds that Plaintiff failed to exhaust his administrative remedies prior to filing his complaint and this action will be dismissed without prejudice to his ability to refile the complaint and submit proof that he has fully exhausted his state administrative remedies.

## IV.    CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiff's complaint is **DISMISSED** without prejudice. (Doc. No. 1).

4

The Clerk of Court is directed to close this civil case.

**IT IS SO ORDERED.**

Signed: June 5, 2014

Frank D. Whitney
Chief United States District Judge